UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LERENZO LECHUGA,**[1] | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | No. 3:25-CV-00031-LS |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| | § | |
| *Respondent*. | § | |

## TRANSFER ORDER

Lorenzo Lechuga, TDCJ No. 01702970, is a state prisoner serving a 35-year sentence for murder with the intent to cause death in Cause No. 20100D05084 in the 171st District Court of El Paso County, Texas. *See* El Paso County, Criminal Case Records Search Results, Register of Actions, https://portal-txelpaso.tylertech.cloud/PublicAccess/CaseDetail.aspx? (search for Cause No. 20100D05084, last visited May 8, 2025). His anticipated release date is February 22, 2042. *See* Texas Department of Criminal Justice, Inmate Information Search, https://inmate.tdcj.texas.gov/InmateSearch/search.action (search for Lechuga, Lorenzo, last visited May 8, 2025).

Lechuga claims in his "Motion for Personal Restraint Petition" that he is an alien subject to removal from the United States. *See* ECF No. 1 at 2. He contends that his "detention is limited to the time reasonably necessary to accomplish [his] removal from the United States." *Id.* And since he has already spent more than 18 years in detention awaiting his removal, he asks the Court to intervene on his behalf and order his immediate release on bond while he awaits the completion of his removal proceedings. *Id.*

---

[1] The Court notes that Petitioner's name in all official searches and in the body of his motion is Lorenzo Lechuga, not Lerenzo Lechuga.

A court must liberally construe a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It may ignore erroneous titling because the essence of the pleading controls. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (citing *United States v. Hay*, 702 F.2d 572 (5th Cir. 1983)).

A prisoner may attack "the manner in which a sentence is carried out or the … determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). But a prisoner may make his attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). And a prisoner must show he has already exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

This Court finds that the essence of Lechuga's pleading is a challenge to his continued detention. Accordingly, it construes his pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. It notes that Lechuga is currently confined to the Wallace Unit in Colorado City, Texas. ECF No. 1 at 11. It observes that Colorado City is in Mitchell County, which is within the jurisdiction of the Abilene Division of the Northern District of Texas. 28 U.S.C. § 124(a)(3). So, it finds that Lechuga's custodian is within the jurisdiction of the Northern District of Texas—not the Western District of Texas. Consequently, the Court concludes that it lacks the jurisdiction necessary to consider the merits of Lechuga's claims.

Under 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

2

might have been brought." 28 U.S.C. §1404(a). And a district court may order such a transfer *sua sponte*. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Based on these considerations, the Court **ORDERS** the District Clerk to **TRANSFER** Lechuga's pleading, which it construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, to the Abilene Division of the United States District Court for the Northern District of Texas for its consideration.

**SO ORDERED**.

**SIGNED** and **ENTERED** on May 8, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**